1 | Tyler J. Woods (State Bar No. 232464)
      twoods@trialnewport.com
2 | Richard H. Hikida (State Bar No. 196149)
      rhikida@trialnewport.com
3 | Scott J. Ferrell (State Bar No. 202091)
      sferrell@trialnewport.com
4 | **NEWPORT TRIAL GROUP**
    A Professional Corporation
5 | 4100 Newport Place, Suite 800
    Newport Beach, CA  92660
6 | Tel: (949) 706-6464
    Fax: (949) 706-6469
7 |
    Attorneys for Plaintiff
8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

11 | THERMOLIFE INTERNATIONAL, LLC,  | Case No.  **'13 CV 0883 WQH RBB**

12 |        Plaintiff,  | **COMPLAINT FOR PATENT INFRINGEMENT**

13 |        vs.  | **JURY TRIAL DEMANDED**

14 | MAXIMUM HUMAN PERFORMANCE, LLC,

15 |

16 |        Defendant

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Thermolife International, LLC ("Plaintiff") hereby alleges for its Complaint against Maximum Human Performance, LLC ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I.      THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291.

2.      Plaintiff is the exclusive licensee of the following United States Patents:

   a. Patent No. 6,646,006, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity";

   b. Patent No. 6,117,872, titled "Enhancement of Exercise Performance by Augmenting Endogenous Nitric Oxide Production or Activity";

   c. Patent No. 5,891,459, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity"; and

   d. Patent No. 7,452,916, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity."

3.      The above patents are owned by The Board of Trustees of the Leland Stanford Junior University ("Stanford University") and Plaintiff exclusively licenses the patents from Stanford University.

4.      The above patents are referred to herein as the "patents in suit."

5.      Plaintiff has been given the right by Stanford University to institute suit with respect to infringement of the patents in suit, including this suit against Defendant.

6.      Defendant is a company organized and existing under the laws of New Jersey with a principal place of business at 21 Dwight Place in Fairfield, New Jersey, 07004.

COMPLAINT FOR PATENT INFRINGEMENT

## II.    JURISDICTION AND VENUE

7.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

8.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

9.    This Court has personal jurisdiction over Defendant. By way of example and without limitation, Defendant, directly or through intermediaries (including distributors, retailers, and others), makes, manufactures, ships, distributes, advertises, markets, offers for sale, and/or sells dietary supplement products that infringe on one or more claims of the patents in suit (hereinafter the "accused products"), which include without limitation products sold under the "Anadrox," "Dark Rage," "Trac Extreme-NO," "EPO Blast" (sold under Defendant's Xero Limits brand), and "Eponox" (sold under Defendant's Xero Limits brand) brand names, in the United States, the State of California, and the Southern District of California.

10.    By way of further example and without limitation, Defendant has purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that they will be purchased in the Southern District of California, and the products are actually purchased in the Southern District of California.

## III.    THE DEFENDANT'S INFRINGEMENTS

11.    Defendant has committed the tort of patent infringement within the State of California, and more particularly, within the Southern District of California, by virtue of the fact that Defendant has formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the accused products in this District, and continues to do so.

## A. DIRECT INFRINGEMENTS

12.    Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities, have taken, used, and orally administered the accused products.

13.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of one or more of the patents in suit.

14.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for certain purposes that, by virtue of their inclusion in the products for such purposes, infringe one or more claims of one or more of the patents in suit, and as a result, when Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products, they are practicing the methods disclosed in those claims.

15.     These infringing ingredients, and/or combinations thereof, include, without limitation, L-Arginine HCL, L-Arginine AKG, Citrulline Malate, and Beta Alanine, as set forth on Defendant's labels for the accused products.

16.     The purposes for which these ingredients are included in the accused products are, without limitation, to enhance nitric oxide production, to improve nitric oxide activity, to produce nitric oxide, to boost nitric oxide levels in the body, and to enhance physical performance.

17.     Defendant has encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by Defendant or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claim of one or more of the patents in suit, and these employees, agents, representatives and other persons sponsored by Defendant or who endorse Defendant and Defendant's products in advertising and marketing activities are acting under Defendant's direction and control when practicing those methods.

18.     Therefore, Defendant is a direct infringer of one or more claims of one or

- 3 -

1   more of the patents in suit, and Defendant practices the methods as set forth in one or
2   more claims of one or more of the patents in suit.

### B. INDIRECT INFRINGEMENTS

4   19.    End-users of Defendant's accused products are also direct infringers of one
5   or more claims of one or more of the patents in suit.

6   20.    End-users of Defendant's accused products have taken, used, and orally
7   administered the accused products.

8   21.    The accused products are formulated, made, manufactured, shipped,
9   distributed, advertised, offered for sale, and/or sold by Defendant to include certain
10  ingredients that, by virtue of their inclusion in the products, infringe one or more claims
11  of one or more of the patents in suit.

12  22.    The accused products are formulated, made, manufactured, shipped,
13  distributed, advertised, offered for sale, and/or sold by Defendant to include specific
14  ingredients for certain purposes that, because of their inclusion in the products for such
15  purposes, infringe one or more claims of one or more of the patents in suit, and as a
16  result, when end-users of Defendant's accused products orally administer the accused
17  products, they are practicing the methods disclosed in those claims.

18  23.    Defendant's labels and advertising for the accused products explain the
19  elements and essential elements of one or more of the methods disclosed in the patents
20  in suit, and those labels and advertising statements encourage, urge, and induce the
21  accused products' end-users to purchase and orally ingest the products to practice those
22  methods, and end-users do practice those methods.

23  24.    Defendant has therefore specifically intended to cause these end-users to
24  directly infringe the claimed methods of these patents, and has in fact urged them to do
25  so.

26  25.    The accused products are not suitable for non-infringing uses, and none of
27  Defendant's labels or advertisements for the accused products disclose any uses for the
28  products, nor for the compounds disclosed in the claimed methods of the patents in suit,

1   that do not infringe upon such methods.

2       26.   The inclusion of the specific infringing compounds in the products is
3   material to practicing such methods.

4       27.   Defendant has knowledge that the accused products are especially adapted
5   by end-users of the products for the practicing of such methods, and, indeed, Defendant
6   encourages, urges, and induces the accused products' end-users to purchase and orally
7   administer the accused products to practice such methods, and has done so in the past.

8       28.   Defendant has intentionally and knowingly induced, encouraged, and
9   urged end-users of the accused products to purchase and orally administer the accused
10   products for the purposes of practicing the claimed methods, by having them orally
11   ingest the compounds disclosed in such claims.

12       29.   Defendant has knowledge of the fact that the accused products, particularly
13   as administered, infringe on one or more claims of the patents in suit.

14       30.   Defendant has direct, firsthand knowledge of the patents in suit.

15       31.   For example and without limitation, Defendant has had knowledge of the
16   patents in suit since November 2006, when an ongoing settlement of a patent
17   infringement case relating to at least some of the patents in suit against Herbalife, a
18   well-known company in Defendant's industry, was announced in press releases issued
19   in a highly publicized manner. Defendant's employees, agents, and representatives saw
20   the press releases and were aware of the settlement and thus the patents in suit.

21       32.   By way of further example and without limitation, Defendant has sold its
22   products through retailers, including online retailers, and those retailers have sold other
23   companies' products whose labels and/or advertisements have been prominently
24   marked with one or more of the patents in suit, by patent number, including without
25   limitation the products manufactured and sold by Herbalife, Daily Wellness, and
26   Vitality Research Labs. Defendant's employees, agents, and representatives have seen
27   these labels and advertisements and, thus, Defendant has direct knowledge of the
28   patents in suit.

33.   Defendant has brazenly and willfully decided to infringe the patents in suit despite knowledge of the patents' existence and its knowledge of the accused products' infringements of the patents.

34.   At a minimum, and in the alternative, Plaintiff pleads that Defendant willfully blinded itself to the infringing nature of the accused products' sales.

35.   Defendant has not ceased its own direct infringement, nor its contributory infringement or inducement of infringement by end-users, despite its knowledge of the patents in suit and the end-users' infringing activities with respect to the patents in suit.

36.   Plaintiff also believes Defendant is infringing on one or more claims of United States Patent No. 5,428,070 and Patent No. 5,945,452, patents which Defendant has had prior knowledge of and are also licensed exclusively to Plaintiff by Stanford University, to include the right to sue for infringement, and Plaintiff will seek to amend this Complaint once facts confirming that belief are ascertained.

## IV.   FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,646,006

37.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

38.   Defendant has in the past and still is literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 6,646,006 by making, using, selling, and offering for sale the accused products, and will continue to do so unless enjoined by this Court.

39.   In addition to the fact that Defendant makes, uses, sells, and offers for sale the accused products, further examples of Defendant's direct infringements include, without limitation, the fact that Defendant has encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 6,646,006, and these employees, agents,

COMPLAINT FOR PATENT INFRINGEMENT

representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities are acting under Defendant's direction and control when practicing those methods.

40.   Defendant has encouraged and is aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendant's direction and control, and therefore Defendant is directly practicing the methods disclosed in United States Patent No. 6,646,006.

41.   End-users of Defendant's accused products are also direct infringers of one or more claims of United States Patent No. 6,646,006.

42.   End-users of Defendant's accused products have taken, used, and orally administered the accused products.

43.   The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of United States Patent No. 6,646,006.

44.   The accused products is formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringe one or more claims of United States Patent No. 6,646,006, and as a result, when end-users of Defendant's accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

45.   Defendant's labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in United States Patent No. 6,646,006, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

46.   Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 6,646,006, and has in

1   fact urged them to do so.

2         47.   The accused products are not suitable for non-infringing uses, and none of

3   Defendant's labels or advertisements for the accused products disclose any uses for the

4   products, nor for the compounds disclosed in the claimed methods, that do not infringe

5   upon such methods.

6         48.   The inclusion of these specific infringing compounds in the products is

7   material to practicing such methods.

8         49.   Defendant has knowledge that the accused products are especially adapted

9   by end-users of the products for the practicing of such methods, and, indeed, Defendant

10   encourages, urges, and induces the accused products' end-users to purchase and orally

11   administer the accused products to practice such methods, and have done so in the past.

12         50.   Defendant has intentionally and knowingly induced, encouraged, and

13   urged end-users of the accused products to purchase and orally administer the accused

14   products for the purposes disclosed in one or more claims of United States Patent No.

15   6,646,006, by having them orally ingest the compounds disclosed in such claims.

16         51.   Defendant has knowledge of the fact that the accused products, particularly

17   as administered, infringe on one or more claims of United States Patent No. 6,646,006.

18         52.   Defendant also has direct, firsthand knowledge of United States Patent No.

19   6,646,006.

20         53.   Defendant's activities have been without express or implied license by

21   Plaintiff.

22         54.   As a result of Defendant's acts of infringement, Plaintiff has suffered and

23   will continue to suffer damages in an amount to be proved at trial.

24         55.   As a result of Defendant's acts of infringement, Plaintiff has been and will

25   continue to be irreparably harmed by Defendant's infringements, which will continue

26   unless Defendant is enjoined by this Court.

27         56.   Defendant's past infringements and/or continuing infringements have been

28   deliberate and willful, and this case is therefore an exceptional case, which warrants an

1  award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V.   SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,891,459

4  57.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs
5  of this Complaint as if fully set forth herein.

6  58.   Defendant has in the past and still is literally and directly infringing or
7  directly infringing under the doctrine of equivalents one or more claims of United
8  States Patent No. 5,891,459 by making, using, selling, and offering for sale the accused
9  products, and will continue to do so unless enjoined by this Court.

10  59.   In addition to the fact that Defendant makes, uses, sells, and offers for sale
11  the accused products, further examples of Defendant's direct infringements include,
12  without limitation, the fact that Defendant has encouraged and/or is aware of the fact
13  that its employees, agents, representatives and other persons sponsored by or who
14  endorse Defendant and Defendant's products in advertising and marketing activities
15  orally administer the accused products and practice the methods disclosed in one or
16  more claims of United States Patent No. 5,891,459, and these employees, agents,
17  representatives and other persons sponsored by or who endorse Defendant and
18  Defendant's products in advertising and marketing activities are acting under
19  Defendant's direction and control when practicing those methods.

20  60.   Defendant has encouraged and is aware of these persons' oral
21  administration of the accused products for these purposes, these persons are acting
22  under Defendant's direction and control, and therefore Defendant is directly practicing
23  the methods disclosed in United States Patent No. 5,891,459.

24  61.   End-users of Defendant's accused products are also direct infringers of one
25  or more claims of United States Patent No. 5,891,459.

26  62.   End-users of Defendant's accused products have taken, used, and orally
27  administered the accused products.

28  63.   The accused products are formulated, made, manufactured, shipped,

distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of United States Patent No. 5,891,459.

64.     The accused products is formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringe one or more claims of United States Patent No. 5,891,459, and as a result, when end-users of Defendant's accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

65.     Defendant's labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in United States Patent No. 5,891,459, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

66.     Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 5,891,459, and has in fact urged them to do so.

67.     The accused products are not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods, that do not infringe upon such methods.

68.     The inclusion of these specific infringing compounds in the products is material to practicing such methods.

69.     Defendant has knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encourages, urges, and induces the accused products' end-users to purchase and orally administer the accused products to practice such methods, and have done so in the past.

70.     Defendant has intentionally and knowingly induced, encouraged, and

1  urged end-users of the accused products to purchase and orally administer the accused
2  products for the purposes disclosed in one or more claims of United States Patent No.
3  5,891,459, by having them orally ingest the compounds disclosed in such claims.

4    71.   Defendant has knowledge of the fact that the accused products, particularly
5  as administered, infringe on one or more claims of United States Patent No. 5,891,459.

6    72.   Defendant also has direct, firsthand knowledge of United States Patent No.
7  5,891,459.

8    73.   Defendant's activities have been without express or implied license by
9  Plaintiff.

10    74.   As a result of Defendant's acts of infringement, Plaintiff has suffered and
11  will continue to suffer damages in an amount to be proved at trial.

12    75.   As a result of Defendant's acts of infringement, Plaintiff has been and will
13  continue to be irreparably harmed by Defendant's infringements, which will continue
14  unless Defendant is enjoined by this Court.

15    76.   Defendant's past infringements and/or continuing infringements have been
16  deliberate and willful, and this case is therefore an exceptional case, which warrants an
17  award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VI.    THIRD CAUSE OF ACTION

### Infringement of U.S. Patent No. 7,452,916

20    77.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs
21  of this Complaint as if fully set forth herein.

22    78.   Defendant has in the past and still is literally and directly infringing or
23  directly infringing under the doctrine of equivalents one or more claims of United
24  States Patent No. 7,452,916 by making, using, selling, and offering for sale the accused
25  products, and will continue to do so unless enjoined by this Court.

26    79.   In addition to the fact that Defendant makes, uses, sells, and offers for sale
27  the accused products, further examples of Defendant's direct infringements include,
28  without limitation, the fact that Defendant has encouraged and/or is aware of the fact

1   that its employees, agents, representatives and other persons sponsored by or who
2   endorse Defendant and Defendant's products in advertising and marketing activities
3   orally administer the accused products and practice the methods disclosed in one or
4   more claims of United States Patent No. 7,452,916, and these employees, agents,
5   representatives and other persons sponsored by or who endorse Defendant and
6   Defendant's products in advertising and marketing activities are acting under
7   Defendant's direction and control when practicing those methods.

8       80.   Defendant has encouraged and is aware of these persons' oral
9   administration of the accused products for these purposes, these persons are acting
10   under Defendant's direction and control, and therefore Defendant is directly practicing
11   the methods disclosed in United States Patent No. 7,452,916.

12       81.   End-users of Defendant's accused products are also direct infringers of one
13   or more claims of United States Patent No. 7,452,916.

14       82.   End-users of Defendant's accused products have taken, used, and orally
15   administered the accused products.

16       83.   The accused products are formulated, made, manufactured, shipped,
17   distributed, advertised, offered for sale, and sold by Defendant to include certain
18   ingredients that, by virtue of their inclusion in the products, infringe one or more claims
19   of United States Patent No. 7,452,916.

20       84.   The accused products is formulated, made, manufactured, shipped,
21   distributed, advertised, offered for sale, and sold by Defendant to include specific
22   ingredients for purposes that, by their inclusion in the products for such purposes,
23   infringe one or more claims of United States Patent No. 7,452,916, and as a result,
24   when end-users of Defendant's accused products orally administer the accused
25   products, they are practicing the methods disclosed in one or more claims of that patent.

26       85.   Defendant's labels and advertising for the accused products explain the
27   elements and essential elements of the methods disclosed in United States Patent No.
28   7,452,916, and those labels and advertising statements encourage, urge, and induce the

**COMPLAINT FOR PATENT INFRINGEMENT**

1 accused products' end-users to purchase and orally ingest the products to practice those

2 methods, and end-users do practice those methods.

3     86.   Defendant has therefore specifically intended to cause these end-users to

4 directly infringe the claimed methods of United States Patent No. 7,452,916, and has in

5 fact urged them to do so.

6     87.   The accused products are not suitable for non-infringing uses, and none of

7 Defendant's labels or advertisements for the accused products disclose any uses for the

8 products, nor for the compounds disclosed in the claimed methods, that do not infringe

9 upon such methods.

10     88.   The inclusion of these specific infringing compounds in the products is

11 material to practicing such methods.

12     89.   Defendant has knowledge that the accused products are especially adapted

13 by end-users of the products for the practicing of such methods, and, indeed, Defendant

14 encourages, urges, and induces the accused products' end-users to purchase and orally

15 administer the accused products to practice such methods, and have done so in the past.

16     90.   Defendant has intentionally and knowingly induced, encouraged, and

17 urged end-users of the accused products to purchase and orally administer the accused

18 products for the purposes disclosed in one or more claims of United States Patent No.

19 7,452,916, by having them orally ingest the compounds disclosed in such claims.

20     91.   Defendant has knowledge of the fact that the accused products, particularly

21 as administered, infringe on one or more claims of United States Patent No. 7,452,916.

22     92.   Defendant also has direct, firsthand knowledge of United States Patent No.

23 7,452,916.

24     93.   Defendant's activities have been without express or implied license by

25 Plaintiff.

26     94.   As a result of Defendant's acts of infringement, Plaintiff has suffered and

27 will continue to suffer damages in an amount to be proved at trial.

28     95.   As a result of Defendant's acts of infringement, Plaintiff has been and will

1  continue to be irreparably harmed by Defendant's infringements, which will continue
2  unless Defendant is enjoined by this Court.

3     96.   Defendant's past infringements and/or continuing infringements have been
4  deliberate and willful, and this case is therefore an exceptional case, which warrants an
5  award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

6              ## VII.   FOURTH CAUSE OF ACTION

7              ### Infringement of U.S. Patent No. 6,117,872

8     97.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs
9  of this Complaint as if fully set forth herein.

10    98.   Defendant has in the past and still is literally and directly infringing or
11 directly infringing under the doctrine of equivalents one or more claims of United
12 States Patent No. 6,117,872 by making, using, selling, and offering for sale the accused
13 products, and will continue to do so unless enjoined by this Court.

14    99.   In addition to the fact that Defendant makes, uses, sells, and offers for sale
15 the accused products, further examples of Defendant's direct infringements include,
16 without limitation, the fact that Defendant has encouraged and/or is aware of the fact
17 that its employees, agents, representatives and other persons sponsored by or who
18 endorse Defendant and Defendant's products in advertising and marketing activities
19 orally administer the accused products and practice the methods disclosed in one or
20 more claims of United States Patent No. 6,117,872, and these employees, agents,
21 representatives and other persons sponsored by or who endorse Defendant and
22 Defendant's products in advertising and marketing activities are acting under
23 Defendant's direction and control when practicing those methods.

24    100.  Defendant has encouraged and is aware of these persons' oral
25 administration of the accused products for these purposes, these persons are acting
26 under Defendant's direction and control, and therefore Defendant is directly practicing
27 the methods disclosed in United States Patent No. 6,117,872.

28    101.  End-users of Defendant's accused products are also direct infringers of one

1   or more claims of United States Patent No. 6,117,872.

2       102.   End-users of Defendant's accused products have taken, used, and orally
3   administered the accused products.

4       103.   The accused products are formulated, made, manufactured, shipped,
5   distributed, advertised, offered for sale, and sold by Defendant to include certain
6   ingredients that, by virtue of their inclusion in the products, infringe one or more claims
7   of United States Patent No. 6,117,872.

8       104.   The accused products is formulated, made, manufactured, shipped,
9   distributed, advertised, offered for sale, and sold by Defendant to include specific
10  ingredients for purposes that, by their inclusion in the products for such purposes,
11  infringe one or more claims of United States Patent No. 6,117,872, and as a result,
12  when end-users of Defendant's accused products orally administer the accused
13  products, they are practicing the methods disclosed in one or more claims of that patent.

14      105.   Defendant's labels and advertising for the accused products explain the
15  elements and essential elements of the methods disclosed in United States Patent No.
16  6,117,872, and those labels and advertising statements encourage, urge, and induce the
17  accused products' end-users to purchase and orally ingest the products to practice those
18  methods, and end-users do practice those methods.

19      106.   Defendant has therefore specifically intended to cause these end-users to
20  directly infringe the claimed methods of United States Patent No. 6,117,872, and has in
21  fact urged them to do so.

22      107.   The accused products are not suitable for non-infringing uses, and none of
23  Defendant's labels or advertisements for the accused products disclose any uses for the
24  products, nor for the compounds disclosed in the claimed methods, that do not infringe
25  upon such methods.

26      108.   The inclusion of these specific infringing compounds in the products is
27  material to practicing such methods.

28      109.   Defendant has knowledge that the accused products are especially adapted

1    by end-users of the products for the practicing of such methods, and, indeed, Defendant

2    encourages, urges, and induces the accused products' end-users to purchase and orally

3    administer the accused products to practice such methods, and have done so in the past.

4        110.   Defendant has intentionally and knowingly induced, encouraged, and

5    urged end-users of the accused products to purchase and orally administer the accused

6    products for the purposes disclosed in one or more claims of United States Patent No.

7    6,117,872, by having them orally ingest the compounds disclosed in such claims.

8        111.   Defendant has knowledge of the fact that the accused products, particularly

9    as administered, infringe on one or more claims of United States Patent No. 6,117,872.

10       112.   Defendant also has direct, firsthand knowledge of United States Patent No.

11   6,117,872.

12       113.   Defendant's activities have been without express or implied license by

13   Plaintiff.

14       114.   As a result of Defendant's acts of infringement, Plaintiff has suffered and

15   will continue to suffer damages in an amount to be proved at trial.

16       115.   As a result of Defendant's acts of infringement, Plaintiff has been and will

17   continue to be irreparably harmed by Defendant's infringements, which will continue

18   unless Defendant is enjoined by this Court.

19       116.   Defendant's past infringements and/or continuing infringements have been

20   deliberate and willful, and this case is therefore an exceptional case, which warrants an

21   award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

22   **VIII.  <u>PRAYER FOR RELIEF</u>**

23       WHEREFORE, Plaintiff prays for entry of judgment against Defendant as

24   follows:

25       1.   A declaration that Defendant has infringed the patents in suit, under 35

26   U.S.C. §§ 271 *et seq.*;

27       3.   That injunctions, preliminary and permanent, be issued by this Court

28   restraining Defendant, its officers, agents, servants, directors, and employees, and all

persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the patents in suit;

4.     That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the patents in suit, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

5.     That the damages awarded to Plaintiff with regard to the patents in suit be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

6.     That this case be declared to be exceptional in favor of Plaintiff under 35 U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

7.     That Plaintiff be awarded its interest and costs of suit incurred in this action;

8.     Compensatory damages;

9.     Punitive damages; and

10.    That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,
NEWPORT TRIAL GROUP
A Professional Corporation

Dated: April _11_, 2013

By: _____
Tyler J. Woods
Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2       Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a

3   jury trial for all issues in this case that properly are subject to a jury trial.

4

5                                       Respectfully submitted,

6                                       NEWPORT TRIAL GROUP
                                        A Professional Corporation
7

8   Dated: April ⎍ , 2013

9                                       By:   Tyler J. Woods
                                              Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT